UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVE MANIACI,<br><br>  Plaintiff,<br><br>v.<br><br>ORTHOTECH, LLC,<br><br>  Defendant. | Case No. 25-cv-11138<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Steve Maniaci and Defendant OrthoTech, LLC, by and through their respective counsel, hereby agree to the following Protective Order.

**1.** **Scope.** All materials produced during discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information," means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party, upon making a good faith determination that the documents fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information or information related to personal privacy interest; (f) income tax returns (including attached schedules and forms); or (g) personnel or employment records of persons who are not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Form and Timing of Designation.**

(a) A party may designate documents as confidential and restricted in disclosure under this Order only by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated as Confidential Information prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked

with the applicable designation, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. As used in this Order, "copies" includes electronic documents, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

4. **Notice to Designating Party**. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with ¶10, below, and

3

Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with ¶10 and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

5. **Depositions.** Deposition testimony shall be deemed Confidential Information only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential Information. Portions may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten (10) business days after the designating person's receipt of the transcript. Pending the expiration of ten (10) business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the designating person may exclude from the deposition all persons other than those to whom the material may be disclosed under ¶ 6 of this Order. Failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**6. Protection of Confidential Material**.

**(a) General Protections.** Documents designated as Confidential Information under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential information to any third person or entity except as set forth in subparagraphs (1)-(8), below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

**(2) Parties.** Individual parties and employees of a party to this Order but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. For the avoidance of doubt, Confidential Information pertaining to or identifying putative class members may not be disclosed to the named plaintiff or any

5

member of the putative class, other than as such information pertains solely to the specific individual to whom the information is disclosed.

**(3)** **Court.** The Court and its personnel.

**(4)** **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

**(5)** **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed and provided the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(6)** **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set

out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(7)** **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(8)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

8. **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential Information under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled

to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

9. **Inadvertent Production.** Inadvertent production of any document or information without a designation of a document as Confidential Information shall be strictly governed by Fed. R. Evid. 502.

10. **Filing of Confidential Information Under Seal**. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3. With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

11. **Challenges by a Party to Designation as Confidential Information.** Any Confidential Information designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). The following procedure shall apply to such challenge.

    (a) **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    (b) **Judicial Intervention**. If the parties require judicial intervention to resolve a dispute about the designation of Confidential Information, they are required to schedule a telephone conference with the Court prior to filing any motion. Counsel must email the Court's case manager with (i) the

conference request, (ii) a concise summary of the dispute, and (iii) a certification that a Meet and Confer was completed. At least 24 hours prior to the conference, each side shall exchange with each other, and submit to the Court through CM/ECF Utilities a one-page summary of the dispute.

In the event a conference does not resolve the dispute, the Court will either entertain a motion or refer it to the assigned magistrate judge.

12. **Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by a motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

    **(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    **(b)** The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is in the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    **(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a

lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

15. **Use of Discovery Materials.** No discovery documents, whether designated as Confidential Information or not shall be used by the receiving party for any business purpose, commercial purpose, and/or any purpose other than this litigation. Further, no such materials shall be communicated or transmitted to any non-party to this action unless required by subpoena or other administrative or court order.

16. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated Confidential Information under this Order, including "copies" as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that

party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index which refers or relates to information designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provide that its use does not disclose or use Confidential Information.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil

Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED.

Dated: May 30, 2025                   s/Robert J. White
                                      Robert J. White
                                      United States District Judge

**STIPULATED TO:**

*s/Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
**MASSACHUSETTS**
350 Lincoln St.
Suite 2400
Hingham, MA 02043
Telephone: 617.485.0018
Email: anthony@paronichlaw.com

*Attorney for Plaintiff*

*s/ David F. DuMouchel*
David F. DuMouchel (P-25658)
George B. Donnini (P66793)
**BUTEL LONG, P.C.**
201 West Big Beaver, Suite1200
Troy, MI 48084
Telephone 248.258.1616
Email: dumouchd@butzel.com
    donnini@butzel.com

*/s/Mark S. Eisen*
Mark S. Eisen
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive
Suite 1600
Chicago, IL 60616
Telephone: 312.212.4949
Facsimile:  216.767.9192
Email: meisen@beneschlaw.com

*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVE MANIACI

*on behalf of himself and others similarly situated*,

         Plaintiff,

  v.

ORTHOTECH, LLC D/B/A SMILESET,

         Defendants.

CASE NO. 2:25-CV-11138-RJW-APP

Hon. Judge Robert J. White

Magistrate Judge Anthony P. Patti

      The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

2

Name: _____

Employer: _____

Business Address: _____

                                _____

                                _____

Date: _____   _____
                        Signature