IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE MANIACI, *on behalf of himself and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> ORTHOTECH, LLC, <br><br> Defendant. | Case No. 2:25-cv-11138-RJW-APP <br><br> Hon. Robert J. White <br> Hon. Anthony P. Patti |

**DEFENDANT ORTHOTECH, LLC'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant OrthoTech, LLC ("OrthoTech"), by and through its attorneys, respectfully submits this Notice of Supplemental Authority in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. 15).

1. Plaintiff initiated this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging the receipt of purportedly unwanted text messages.

2. OrthoTech filed its Motion to Dismiss on August 5, 2025, on the bases that (i) Subsection 227(c)(5) applies only to telephone calls and does not apply to text messages and (ii) Plaintiff does not qualify as a residential telephone subscriber.

3. This Motion is fully briefed. OrthoTech has requested oral argument and, given the authorities on both sides, believes oral argument would be prudent.

1

4.   On December 3, 2025, Judge Josephine L. Staton of the United States District Court for the Central District of California issued an order pertinent to the first issue at hand. *See Dilanyan v. Hugo Boss Fashions, Inc.*, No. 25-cv-05093, Dkt. 35 (C.D. Cal. Dec. 3, 2025). (A copy of this Order is attached as <u>Exhibit A</u>.)

5.   The Court found as follows:

> **The Court reads the ordinary meaning of "telephone call" to exclude "text message."** When the TCPA was enacted in 1991, text messaging did not exist, so the plain meaning of "telephone call" at the time could not possibly include a text message. *See Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025). And to the ordinary person today, telephone calls and text messages are two distinct forms of communication—one involves speaking with or attempting to speak with someone in real time, and the other involves a one-way, often written communication. As Defendant articulates, "[n]o ordinary user of the English language would write the sentence 'John called Sue' intending to mean 'John sent a text message to Sue.'" (Mot. at 11.)

*Id.* at 3 (emphasis added).

6.   The Court likewise found persuasive that the TCPA had been subsequently amended, under Subsection 227(e), to include text messages in addition to calls. *Id.* at 4 ("That Congress updated § 227(e) to include text messages in addition to calls, but has not similarly amended § 227(c)(5), suggests that Congress views a text message as a distinct form of communication to which § 227(c)(5)'s private right of action does not apply.").

2

7.     The Court determined, however, that it was bound by the Ninth Circuit's analysis in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). *See id.* at 5. As a result, the Court certified two issues for immediate interlocutory appeal to the Ninth Circuit, including the meaning of "telephone call" under Subsection 227(c)(5). *Id.* at 7-9.

8.     This Court is not bound by *Satterfield* and has no similar problem. This Court should thus have no trouble siding with Judge Staton's analysis and determining that a text message does not qualify as a telephone call.

Dated:     December 9, 2025            Respectfully submitted,

/s/ *Mark S. Eisen*_____
Mark S. Eisen
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive
Suite 1600
Chicago, IL 60616
Telephone: 312.212.4949
Facsimile: 216.767.9192
Email: meisen@beneschlaw.com

David F. DuMouchel (P-25658)
George B. Donnini (P66793)
**BUTZEL LONG, P.C.**
201 West Big Beaver, Suite1200
Troy, MI 48084
Telephone 248.258.1616
Email: dumouchd@butzel.com
donnini@butzel.com

*Counsel for OrthoTech, LLC*

3